**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| SPF PLASTIC GROUP LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:26-CV-54 (LAG) |
| | : | |
| J & M TANK LINES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant J & M Tank Lines, Inc.'s Unopposed Motion to Delay the Issuance of a Scheduling Order and Stay Discovery (Motion). (Doc. 6). Defendant's Motion is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiff SPF Plastic Group, LLC initiated this action against Defendant J & M Tank Lines, Inc. on March 23, 2026, by filing a Complaint in the Superior Court of Sumter County. (Doc. 1-2 at 2). Plaintiff brings claims for negligence (Count I), negligence per se under O.C.G.A. § 11-07-309 (Count II), violation of 49 U.S.C § 14706 (Count III), and breach of contract (Count IV). (Doc. 1-2 at 5–9). Defendant removed the case to this Court on April 23, 2026. (Doc. 1). On April 29, 2026, Defendant filed a Motion to Dismiss. (Doc. 5). On May 8, 2026, Defendant filed the instant Motion. (Doc. 6). The Motion is ripe for review. *See* M.D. Ga. L.R. 7.7 (instructing that the Court may consider unopposed motions "immediately after filing").

## DISCUSSION

District courts have broad discretion to determine whether to stay certain pretrial deadlines and discovery. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery

begins." *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). This does not, however, mean that discovery must be stayed as a matter of course whenever a defendant files a motion to dismiss. *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32(HL) 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008). Rather "[t]o determine whether a stay is appropriate a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). A "'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted" can help guide this determination. *Id.* (quoting *Feldman*, 176 F.R.D. at 652).

Based on the Court's preliminary review of Plaintiff's Complaint and the briefing submitted in connection with Defendant's Motion to Dismiss, a stay is appropriate in this case. In its Motion, Defendant argues that all claims against it should be dismissed because they are either preempted by the Carmack Amendment, 49 U.S.C. § 14706 *et seq.*, or otherwise fail to satisfy the requirements of the statute. (Doc. 5 at 11). Resolution of Defendant's Motion to Dismiss could therefore dispose of some or all of Plaintiff's claims and either "entirely eliminate the need for such discovery" or, at a minimum, limit the scope and breadth of discovery going forward. *Arriaga-Zacarias*, 2008 WL 4544470, at *1.

Accordingly, Defendant's Motion (Doc. 6) is **GRANTED**. The Court will delay the issuance of a Scheduling Order, all discovery in this matter is **STAYED** pending the resolution of the Defendant's Motion to Dismiss (Doc. 5), and the Parties need not meet and confer under Federal Rule of Civil Procedure 26(f) until Defendant's Motion to Dismiss (Doc. 5) is resolved by the Court.

SO ORDERED, this 9th day of June, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**

3

**UNITED STATES DISTRICT COURT**